GEFcar
4/30/2013

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DISTRICT

In re:                              )
                                    )          CASE NO. 13-13098
THE VIVIANI FAMILY LIMITED          )
PARTNERSHIP                         )          CHAPTER 11
                    Debtor          )
                                    )          JUDGE MORGENSTERN-CLARREN
                                    )

---

### DEBTOR'S MOTION FOR AUTHORITY TO USE CASH COLLATERAL AS TO NAVY/SABLE

---

Debtor, The Viviani Family Limited Partnership, by and through its undersigned

attorneys, hereby files this Emergency Motion for Authority to Use Cash Collateral (the

"Motion") pursuant to 11 U.S.C. §105, §363, and §541 and Rule 4001 of the Federal Rules of

Bankruptcy Procedure. In support of this Motion, the Debtor states:

#### Jurisdiction

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §157 and

§1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b).

Venue is proper in this district pursuant to 28 U.S.C. §1408.  The statutory predicates for the

relief sought herein are §105, §363, and §541 of the Bankruptcy Code. No previous application

for the relief sought herein has been made by the Debtor to this Court or any other court.

#### Background

2. On April 30, 2013 (the "Petition Date"), the Debtor filed a Voluntary Petition for

Relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The

1

Debtor is operating its business and managing its property as debtor in possession pursuant to §1107(a) and §1108 of the Bankruptcy Code.

3. The Debtor is in the business of operating a commercial leasing business in Northeastern Ohio.

4. No trustee or examiner has been appointed in this case and no official committees have yet been appointed pursuant to §1102 of the Bankruptcy Code.

5. As of the Petition Date, the Debtor employed approximately two (2) employees.

6. Prior to the Petition Date, the Debtor, as borrower, executed several loan obligations with Navy/Sable.   As of the petition date, the Debtor was indebted to Navy/Sable in the approximate amount of $3,600,000.00 (Three Million Six Hundred Thousand and no/100 Dollars).

7. Pursuant to the above described loans, it appears that the Debtor may have granted to a security interest in accounts receivable, chattel paper, trade notes receivable, contracts rights, furniture, fixtures, equipment and intangibles owned by the Debtor and acquired hereafter, and all replacements and substitutions and proceeds thereof (collectively, the "Collateral").

9. The Debtor believes that Navy/Sable will assert (a) that it has a perfected security interests in the Collateral and (b) that Navy/Sable's perfected security interests generally enjoy the first level of priority.

<u>**Relief Requested and Grounds for Relief**</u>

10. The proceeds from the Collateral may constitute the cash collateral of Navy/Sable. By this Motion, the Debtor seeks the entry of an order authorizing its use of cash collateral. The Debtor proposes to use cash collateral for purposes which include the following:

(a)  Care, maintenance and preservation of the Debtor's assets;

2

(b)  Payment of necessary payroll and other business expenses;

(c)  Purchase of goods and services, and

(d)  Continued business operations.

Except as specifically authorized by law or court order, the Debtor will not use cash collateral to pay pre-petition obligations.

11. The Debtor proposes to allow floating liens on the post-petition Collateral in the same amount and level as Navy/Sable held pre-petition and maintain the same level of Collateral as pre-petition.  Because of uncertainties regarding the timing of expenses and purchases, and the impact of Chapter 11 on these items, it is impossible to predict with accuracy the precise amount of cash collateral necessary for the Debtor to operate its business. The proposed utilization of cash collateral will not, in any event, impair Navy/Sable's position.

12. The Debtor requests authority to use cash collateral immediately to fund the operating expenses necessary to continue the operation of its business and to maintain the estate, to acquire inventory, to maximize the return on its assets, and to otherwise avoid irreparable harm and injury to its business and the estate.

13. There is insufficient time for a full hearing pursuant to Bankruptcy Rule 4001(b)(2) to be held before the Debtor must use cash collateral.  If this Motion is not considered on an expedited basis and if the Debtor is denied the ability to immediately use cash collateral, there will be a direct and immediate material and adverse impact on the continuing operation of the Debtor's business and on the value of its assets.  In order to continue its business activity in an effort to achieve a successful reorganization, the Debtor must use cash collateral in its ordinary business operations.  The inability of the Debtor to meet its ordinary business expenses will require the Debtor to discontinue normal operations which will result in irreparable injury to the

3

Debtor and its chances for reorganization. Any such discontinuation would also materially and adversely impact upon the value of the Collateral. Indeed, it is in the best interest of the Debtor that it uses its cash collateral, if such usage will preserve the value of the Collateral.

14. The Debtor proposes to grant Navy/Sable a replacement lien on accounts receivables acquired after the Petition Date equal in extent, validity, and priority to the security interest in accounts that Navy/Sable held as of the Petition Date. In other words, the Debtor proposes that Navy/Sable's "floating" liens on such assets continue to "float" on post-petition accounts, notwithstanding §552 of the Bankruptcy Code to the same extent and level of priority as the pre-petition liens on collateral.

15. The interests of Navy/Sable will be adequately protected. To provide additional security to Navy/Sable, Debtor proposes to operate pursuant to the budget attached hereto on an interim basis, not to exceed expenditures projected in that budget by more than 10%, to provide Navy/Sable with monthly financial reports, to execute documents necessary to preserve the liens of Navy/Sable, to refrain from borrowing funds from any institution other than Navy/Sable without a court order authorizing same, and to grant Navy/Sable a "super priority" security interest in its collateral. .

16. If allowed to use cash collateral, the Debtor believes that it can operate its business during the Chapter 11 and successfully reorganize its business or complete a sale.

### Notice

17. Notice of this Motion is being sent to Navy/Sable and its counsel, the United States Trustee, and the twenty (20) largest unsecured creditors of the Debtor. Such notice is sufficient under Rule 4001.

4

WHEREFORE, the Debtor respectfully requests that this Court enter an order granting the instant Motion and authorizing the interim use of cash collateral, under the budget which is attached as Exhibit "A", schedule a preliminary hearing on the Motion at the earliest possible time, schedule a final cash collateral hearing in accordance with Bankruptcy Rule 4001(b)(2), authorize the Debtor to use the cash collateral in the operation of its business, and grant such other and further relief as may be just and proper.

Respectfully submitted:

/s/ Glenn E. Forbes, Esq.
Glenn E. Forbes, Esq. (0005513)
COOPER & FORBES CO., L.P.A.
Attorneys for Debtor
166 Main Street
Painesville, OH 44077
(440) 357-6211 ext. 128
Email: gforbes@cooperandforbes.com
           bankruptcy@cooperandforbes.com

## CERTIFICATE OF SERVICE

I certify that on April 30, 2013, a true and correct copy of Debtors Motion for Authority to Use Cash Collateral as to Navy/Sable was served:

Via the court's Electronic Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

John Kostelnik, Esq., on behalf of First Merit, at jkostelnik@frantzward.com

Tim Richards, Esq., on behalf of First Merit, at trichards@frantzward.com

Stephen V. Cheatham, Esq., on behalf of Navy Portfolio, LLC, at cheatham@buckleyking.com

Jeffrey Toole, Esq., on behalf of Navy Portfolio, LLC, at toole@buckleyking.com

Thomas J. Scanlon, Esq., on behalf of Receiver Downey, at tscanlon@collins-scanlon.com


And by regular U.S. mail, postage prepaid, on:

> Bargain Box LLC
> 35595G Curtis Blvd.
> Eastlake, OH 44095
>
> Collated Products Corp.
> 35595D Curtis Blvd.
> Eastlake, OH 44095
>
> EDN, Inc.
> 7757-26 Auburn Road
> Painesville, OH 44077
>
> Faratec
> 1610-6 W. Jackson
> Painesville, OH 44077
>
> Intelligent Ethanol Systems
> 9348 Mercantile
> Mentor, OH 44060
>
> Keith Koenig
> 70-FR N. St. Clair
> Painesville, OH 44077
>
> Lake County Treasurer
> 105 Main Street
> Painesville, OH 44077

6

Lake National Bank
7402 Center Street
Mentor, OH 44060

Bluemark Capital LLC
205 W. Fourth Street, Ste. 1100
Cincinnati, OH 45202

First Federal Savings & Loan
14806 Detroit Avenue
Lakewood, OH 44107

Geauga Savings Bank
10800 Kinsman Road
Newbury, OH 44065

M & T Bank
P. O. Box 1288
Buffalo, NY 14240

Putnam Properties, Inc.
3978 Fulton Drive N.W.
Canton, OH 44718



/s/ Glenn E. Forbes, Esq.
Glenn E. Forbes, Esq. (0005513)
COOPER & FORBES CO., L.P.A.
Attorney for Debtor
166 Main Street
Painesville, OH 44077
(440) 357-6211
Email: gforbes@bankruptcy.com
bankruptcy@cooperandforbes.com